UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

CASE NO.:

EDWARD HUCK,

        Plaintiff,

vs.

OGNIO GRADING, INC., d/b/a
RKO HAULING AND GRADING and
ROGER OGNIO,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, EDWARD HUCK ("HUCK" OR "PLAINTIFF"), through counsel, sues Defendants, OGNIO GRADING, INC., d/b/a RKO HAULING AND GRADING and ROGER OGNIO ("DEFENDANTS") and alleges the following:

1.     This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2.     Plaintiff resides in Jackson, Georgia and is a past employee of Defendant.

3.     At all times material hereto, Defendant Ognio Grading, Inc., d/b/a

RKO Hauling and Grading was a domestic for profit corporation engaged in the residential grading and hauling business, was licensed to transact business in the State of Georgia, conducted business in Fayetteville, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

4. Defendant Roger Ognio was the managing agent of Ognio Grading, Inc., d/b/a RKO Hauling and Grading said Defendant acted and acts directly in the interests of the Defendant Ognio Grading, Inc., d/b/a RKO Hauling and Grading. Defendant Ognio effectively dominated Ognio Grading, Inc., d/b/a RKO Hauling and Grading administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Ognio was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. At all times material hereto, Defendants were the "Employer" of Plaintiff as that term is defined under statutes referenced herein and

was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more. In furtherance of said business, Defendants' employees including Plaintiff handled, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools which had also moved in interstate commerce in further of Defendants' business.

6. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as an equipment operator at an agreed salary rate of $1,000 per week.

7. From about January 9, 2015 to February 5, 2016, Plaintiff worked an average of 48 hours per week without any additional overtime compensation.

8. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

9. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

10. Plaintiff incorporates all allegations contained in the preceding paragraphs.

11. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) overtime wages, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

12. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:   (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363